**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

ANTOINE MINOR,

     Plaintiff,

     v.                              CASE NO. 3:26-CV-12-CCB-SJF

SOUTH BEND CITY OF, et al.,

     Defendants.

**SCHEDULING ORDER**

On March 16, 2026, the parties were ordered to submit a joint proposed report no later than April 6, 2026. On March 31, 2026, the parties timely filed their proposed report presenting an agreed discovery plan, which the Court **ADOPTS**, in part, by reference. Consistent with that plan, the Court now enters the instant Rule 16(b) Scheduling Order regarding the conduct of discovery and deadlines. Nothing in this Order should be construed to limit the Court's prerogatives and, irrespective of an agreement between the parties, to use its full authority to modify the terms of this Order to ensure compliance with the Federal Rules of Civil Procedure and that this matter proceeds to a just and speedy resolution.[1]

---

[1] While specific provisions contained within the Report of Parties' Planning Meeting may constitute an agreement between the parties, the provisions are not binding on the Court unless specifically adopted by an order of this Court.

1.   Pre-Discovery Disclosures.

The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by

**March 30, 2026**.

2.   Amendment of Pleadings.

The last date for the parties to amend the pleadings without leave of court is

**August 21, 2026**. Thereafter, any amendments to the pleadings must be by motion and

leave of court.

3. Discovery Plan.

The parties have agreed that the deadline for completion of fact discovery is

February 12, 2027.

Each party may serve a maximum of 25 interrogatories and 25 requests for

admission on any other party.

Each party may conduct a maximum of 10 depositions, limited to maximum of 7

hours, unless extended by stipulation of parties or order of the Court.

The Court having considered the parties' submissions, now adopts and

incorporates by reference the parties' agreement regarding electronic discovery matters

contained in the Report of Parties' Planning Meeting of March 30, 2026.

The serving of reports from retained experts under Rule 26(a)(2) are due from

plaintiff(s) by **February 12, 2027**; and from defendant(s) by **March 26, 2027**.

Supplementation under Rule 26(e) is due every **six weeks** until trial.

2

**The last date for the completion of ALL DISCOVERY is May 28, 2027**. No extension of this discovery deadline will be granted without good cause[2] and the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4).

4. <u>Other Items</u>.

The court views the last month of discovery to be for the purpose of concluding your work, not extending it. As such, to encourage the speedy resolution of this matter as required by Fed. R. Civ. P. 1, the deadline to file any discovery-related nondispositive motion is **April 30, 2027**. For a motion filed before this deadline, no extension of discovery will be granted without good cause and the court's consent under Fed. R. Civ. P. 16(b)(4). To facilitate the presiding judge's status conference and a prompt trial date, no motion to extend discovery or to continue other pretrial deadlines will be approved after this nondispositive motion deadline, except for excusable neglect or other extraordinary reasons directed to the presiding judge. Accordingly, after this deadline, good cause alone will <u>not</u> be sufficient to constitute such a reason. The parties are thus advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, motion to compel, or such motions that may impact the schedule

---

[2] Good cause exists when a movant shows that "despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002). A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In fact, as district courts are required to take a "firm hand" in enforcing scheduling orders in order to "secure the just, speedy, and inexpensive determination of every action," *Campania Mgmt. Co.*, 290 F.3d at 851-52, "more motions seeking modification of scheduling orders are denied than are granted." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.2 (3d ed.)(April 2021 Update).

well enough in advance of this deadline to permit any necessary briefing and time for the court to rule.

The timing for filing witness and exhibit disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order issued by the presiding judge. Likewise, deadlines related to motions *in limine, Daubert* motions, and motions to quash or strike either witnesses or evidence, will be established at a pretrial status conference conducted by the presiding judge. The deadline to file any dispositive motions is **June 25, 2027**, with any response due 28 days thereafter and any reply due 14 days after the filing of a response, consistent with N.D. Ind. L.R. 56-1(b)-(c).

To promote the speedy and just resolution of this matter, consistent with Fed. R. Civ. P. 1, and Local Rule 16-6(b), the parties are encouraged to engage in direct negotiation and/or alternate dispute resolution. The parties report that they have not been able to agree on a mediator. To that end, the parties shall name a mediator no later than **May 13, 2026**. If the parties cannot agree upon a mediator between Tae Sture and Michael Scopelitis, then Court will appoint a mediator.

The parties are authorized to mediate until **June 11, 2027**; however, the parties have agreed that they will mediate or engage in a settlement conference before May 28, 2027. Each party or an agent with full authority to settle shall be in attendance at any mediation session unless otherwise excused by order of this court. The parties shall file a joint report of mediation no later than **14 days** after the mediation deadline. Therein, the parties shall report on whether mediation was successful.

**The Court hereby VACATES** the Preliminary Pretrial Conference scheduled for April 16, 2026, at 10:30 a.m. EDT.

The parties are reminded of the requirements of Federal Rule of Civil Procedure 11 and the Lawyers' Duties to the Court as laid out in the Northern District of Indiana Local Rules Appendix B, specifically the agreement not to "misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court" and that a submission with the Court is a certification that "the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2).

**SO ORDERED** this 1st day of April 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

## EXPLANATION OF SCHEDULING ORDER:

This explanation attempts to resolve ambiguities that have arisen in the past concerning the meaning of deadlines and other issues. The scheduling order must be enforced to allow the orderly handling of all the cases on the court's docket. Accordingly, the deadlines will be modified only for good cause shown consistent with Fed. R. Civ. P. 16(b)(4) and § 2.03(g) of this court's Civil Justice Expense and Delay Reduction Plan. This Explanation is meant to assist you in preparing the case within those deadlines, without running afoul of any misinterpretation.

A.    Discovery.

1.    Time limit for discovery requests.  All discovery other than depositions must be initiated at least forty-five days before the discovery deadline. A deposition commenced at least five days before the discovery deadline may continue beyond the

discovery deadline. Notices of deposition shall be served on opposing counsel at least fifteen days before the deposition date.

      2.      <u>Discovery disputes</u>.  Fed. R. Civ. P. 1 requires that the rules of procedure be construed to secure the just, speedy, and inexpensive determination of every action. Therefore, discovery should be consistent with the needs and importance of the case and be conducted as to minimize the burden of discovery and concentrate on issues genuinely in dispute. You should be able to resolve substantially all discovery disputes without the court's intervention or assistance. Note N.D. Ind. L.R. 37-1, which obligates the parties to confer before enlisting the court's assistance under Fed. R. Civ. P. 26 or 37. To comply with Fed. R. Civ. P. 26(c) and 37(a)(5) in the event a discovery dispute reaches the court, counsel should be prepared to state, in terms of hours expended and hourly rate, the fees and expenses incurred with respect to the discovery issue.

      B.      <u>Other matters</u>.

      1.      <u>Modification of order; continuances</u>.  Unless otherwise provided by specific order or local rule, continuances (or extensions of time) with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired. *See* Fed. R. Civ. P. 16(b)(4). Lack of diligence or failure to comply with the scheduling order cannot be considered good cause. Absent disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery. Stipulations for extensions alone do not amount to the good cause necessary for a deadline extension. A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done, (c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery.

      2.      <u>Briefing schedules</u>.  The briefing schedule set forth in N.D. Ind. L.R. 7-1 shall apply to all motions, other than motions for summary judgment. Note that Local Rule 7-1 provides for different briefing schedules based on the type of motion filed. If you do not intend to file a response or reply, please inform the courtroom deputy clerk (574-246-8104), to avoid unnecessary delay in ruling on an uncontested matter.

      3.      <u>Settlement</u>.  The court encourages counsel to pursue the possibility of settlement vigorously during the entire pendency of this action, through and including the end of trial. Private negotiations are the most cost-effective approach to settlement. Civil Justice Expense and Delay Reduction Plan, § 4.01; *see also* N.D. Ind. L.R. 16-6 (prioritizing alternative dispute resolution in case management).

6

       4.      <u>Further conferences or hearings</u>.  Hearings on motions will be scheduled as needed. If lengthy discovery has been allowed, interim status conferences may be scheduled to monitor the case's progress and address any issues that may have arisen.