**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANTOINE MINOR,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SOUTH BEND and<br>EMANUEL GARCIA,<br><br>  Defendants. | Case No.: 3:26-CV-12-SJF<br><br>**AMENDED COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ANTOINE MINOR for his Complaint against Defendants CITY OF SOUTH BEND EMANUEL GARCIA alleges as follows:

## INTRODUCTION

1.      This civil rights action seeks damages from Defendants CITY OF SOUTH BEND and EMANUEL GARCIA for violating various rights under the United States Constitution and violations of state law in connection with the September 1, 2024, officer involved shooting of Plaintiff, ANTOINE MINOR.

## THE PARTIES

2.      At all relevant times, Defendant CITY OF SOUTH BEND, ("CITY") was and is a public entity existing under the laws of the State of Indiana, with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of South Bend Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of the South Bend Police Department and its employees and agents

2
COMPLAINT FOR DAMAGES

complied with the laws of the United States and of the State of Indiana. CITY was GARCIA's employer.

3. At all relevant times relevant to this action, Defendant EMANUEL GARCIA was employed by the CITY as a sworn police officer with the South Bend Police Department. GARCIA is the officer who discharged his firearm on September 1, 2024, striking Plaintiff. Upon information and belief, GARCIA is no longer employed by the South Bend Police Department. GARCIA is sued in his individual capacity.

4. At all relevant times, GARCIA was acting under color of state law and within the course and scope of his employment with the CITY by and through the South Bend Police Department.

5. Plaintiff ANTOINE MINOR is an individual residing in the City of Los Angeles.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. In the early morning of September 1, 2024, officers from the South Bend Police Department responded to the intersection of Washington

3

COMPLAINT FOR DAMAGES

Street and Wellington Street in South Bend, Indiana, regarding reports of a loud party and approximately fifty people gathered in the street. This was the second dispatch to the same location that night. Plaintiff Antoine Minor was present in the area seated in a rented black 2024 Toyota RAV4. While Mr. Minor was waiting in his vehicle, gunfire erupted from multiple sources near the intersection. Fearing for his safety, Mr. Minor attempted to drive away from the scene, traveling eastbound on Washington Street.

9.    As Mr. Minor drove away, GARCIA discharged his duty weapon, firing seven rounds at Mr. Minor's vehicle without warning. Mr. Minor was struck multiple times, including gunshot wounds to his chest and upper arm.

10.    These gunshot wounds caused severe internal injuries, including a liver laceration requiring surgical repair; a bowel laceration requiring resection and repair; a gastric tear; a penetrating wound through the diaphragm into the abdomen; hemopneumothorax; acute blood loss anemia; acute hypoxemic respiratory failure; and acute kidney injury.

11.    At the time he was shot, Mr. Minor was unarmed, had no weapons in his vehicle, and was not threatening any officer or civilian. He was not committing any crime, was not resisting any officer, and was not fleeing from an arrest or detention. No officer issued any verbal commands or warnings to Mr. Minor before firing. He posed no threat of death or serious bodily injury to anyone. The shooting was objectively unreasonable and constituted excessive force under the Fourth Amendment.

12.    Following the shooting, Mr. Minor was transported by ambulance to Memorial Hospital of South Bend, where he underwent emergency exploratory laparotomy surgery to address his internal injuries. He remained hospitalized in the Intensive Care Unit until his discharge on September 10, 2024.

13.    Plaintiff satisfied the notice requirements under the Indiana Tort

4

Claims Act, Indiana Code § 34-13-3-1 et seq. On or about February 25, 2025, Plaintiff provided written notice of his claim to the City of South Bend as required by law. The notice is attached as Exhibit A.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(Against EMANUEL GARCIA)

14.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

15.    GARCIA acted within the course and scope of his employment as an officer for the South Bend Police Department and acted under color of state law.

16.    The Fourth Amendment to the United States Constitution, as applied to state actors through the Fourteenth Amendment, guarantees every person the right to be free from the use of excessive force by law enforcement officers.

17.    GARCIA used excessive force against Plaintiff when he fired multiple gunshots at him—striking him in the chest and arm—despite Plaintiff being unarmed, non-threatening, and not resisting.

18.    Plaintiff had committed no crime. At no time did Plaintiff pose an immediate threat to the safety of any officer or other person, and Plaintiff was not attempting to flee, resist, or evade arrest or detention.

19.    The force used by GARCIA was excessive and unreasonable under the circumstances and violated clearly established constitutional rights.

20.    As a direct and proximate result of GARCIA's actions, Plaintiff suffered serious physical injuries, pain, emotional distress, and other damages.

21.    Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress,

and loss of income.

22.    GARCIA's conduct was willful, wanton, and exhibited a reckless or callous indifference to Plaintiff's federally protected rights, warranting an award of punitive damages.

23.    Plaintiff also seeks attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment—False Arrest (42 U.S.C. § 1983)**

(Against EMANUEL GARCIA)

24.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25.    GARCIA acted within the course and scope of his employment as an officer for the South Bend Police Department and acted under color of state law.

26.    The Fourth Amendment to the United States Constitution, as applied to state actors through the Fourteenth Amendment, guarantees every person the right to be free from unreasonable seizures, including arrest or detention without probable cause.

27.    When GARCIA fired his weapon at Plaintiff's vehicle, striking Plaintiff multiple times and causing him to stop, GARCIA effectuated a seizure of Plaintiff within the meaning of the Fourth Amendment.

28.    At the time GARCIA seized Plaintiff, he lacked probable cause to believe that Plaintiff had committed, was committing, or was about to commit any crime.

29.    Plaintiff was not engaged in any criminal activity. He was merely attempting to leave an area where he had heard gunshots, fearing for his own safety.

30.    GARCIA had no lawful basis to stop, detain, or seize Plaintiff.

COMPLAINT FOR DAMAGES

The seizure was unreasonable and in violation of clearly established constitutional rights.

31. As a direct and proximate result of the unlawful seizure, Plaintiff suffered serious physical injuries, pain, emotional distress, and other damages.

32. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, and loss of income.

33. GARCIA's conduct was willful, wanton, and exhibited a reckless or callous indifference to Plaintiff's federally protected rights, warranting an award of punitive damages.

34. Plaintiff also seeks attorneys' fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

### Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

(Against CITY)

35. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

36. GARCIA acted under color of state law and in the course and scope of his employment with the South Bend Police Department.

37. The acts and omissions of GARCIA deprived Plaintiff of his rights under the United States Constitution.

38. Upon information and belief, the unconstitutional use of force against Plaintiff was undertaken pursuant to one or more policies, customs, or longstanding practices of Defendant CITY, including but not limited to:

(a) A policy, custom, or practice of using excessive and deadly force against persons who pose no threat of death or serious bodily

injury;

(b) A policy, custom, or practice of shooting at moving vehicles without proper justification;

(c) A policy, custom, or practice of failing to utilize de-escalation techniques before resorting to deadly force;

(d) A policy, custom, or practice of failing to provide warnings before using deadly force when feasible;

(e) A policy, custom, or practice of ratifying, condoning, or acquiescing in the use of excessive force by its officers;

(f) A policy, custom, or practice of failing to adequately investigate, discipline, or terminate officers who use excessive force;

(g) A custom or practice of tolerating constitutional violations by its officers without meaningful corrective action.

(h) A policy, custom, or practice of seizing individuals without probable cause or reasonable suspicion

39. Upon information and belief, CITY was aware of this pattern of constitutional violations but failed to take corrective action, demonstrating deliberate indifference to the constitutional rights of persons like Plaintiff.

40. The existence of these unconstitutional policies, customs, and practices is evidenced by the facts of this case and information Plaintiff expects to discover during the course of this litigation.

41. By reason of the foregoing, Plaintiff suffered physical injury, pain, emotional distress, and loss of enjoyment of life

42. Plaintiff seeks compensatory damages under 42 U.S.C. § 1983.

43. Plaintiff also seeks attorneys' fees and costs under this claim.

COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### Municipal Liability—Failure to Train (42 U.S.C. §1983)

(Against CITY)

44.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45.     GARCIA acted under color of state law and in the course and scope of his employment as an officer for the South Bend Police Department.

46.     The acts and omissions of GARCIA deprived Plaintiff of his rights under the United States Constitution.

47.     Upon information and belief, CITY failed to properly and adequately train its officers in the lawful use of force, including:

(a) Training on the constitutional standards governing the use of deadly force under the Fourth Amendment;

(b) Training on when deadly force is justified and when it is prohibited;

(c) Training on de-escalation techniques and alternatives to deadly force;

(d) Training on the dangers and constitutional limitations of shooting at moving vehicles;

(e) Training on threat assessment and distinguishing between threatening and non-threatening conduct;

(f) Training on providing warnings before using deadly force when feasible;

(g) Training on rendering medical aid to persons injured by police use of force;

(h) Training on scenario-based decision-making under pressure;

(i) Adequate supervision and corrective training for officers who

9

demonstrate deficiencies in use of force judgment.

(j) Training on the constitutional requirements for seizures, including the requirement of probable cause or reasonable suspicion

48. CITY knew or should have known that this inadequate training created an obvious and substantial risk that its officers would use excessive and deadly force in violation of the Constitution.

49. Despite this knowledge, CITY acted with deliberate indifference by failing to provide adequate training, thereby causing the constitutional violations committed against Plaintiff.

50. The failure to train was the moving force behind the constitutional violations committed against Plaintiff.

51. Plaintiff seeks compensatory damages under 42 U.S.C. § 1983.

52. Plaintiff also seeks attorneys' fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability—Ratification (42 U.S.C. § 1983)

(Against CITY)

53. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54. GARCIA acted under color of state law and in the course and scope of his employment as an officer for the South Bend Police Department.

55. The acts and omissions of GARCIA deprived Plaintiff of his rights under the United States Constitution.

56. Upon information and belief, a final policymaker for CITY reviewed the conduct of the involved officers and approved or ratified it, either explicitly or by failing to take corrective action.

57. Upon information and belief, CITY has a history of approving or

10

COMPLAINT FOR DAMAGES

failing to address excessive uses of force by its officers.

58.    This ratification was a moving force behind the violations of Plaintiff's constitutional rights.

59.    As a result of the foregoing, Plaintiff suffered physical injury, pain, emotional distress, and other damages.

60.    Plaintiff seeks compensatory damages under 42 U.S.C. § 1983.

61.    Plaintiff also seeks attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Battery

(Against all Defendants)

62.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63.    GARCIA acted within the course and scope of his employment as law enforcement officers for the City of South Bend Police Department.

64.    GARCIA intentionally, and with reckless disregard of consequences, shot Plaintiff without justification, privilege, or consent, causing harmful and offensive contact with Plaintiff's body.

65.    GARCIA had no legal justification for shooting Plaintiff, as he posed no threat of death or serious bodily injury to any person and his use of force was unreasonable under the circumstances.

66.    As a direct and proximate result of GARCIA's battery, Plaintiff suffered severe physical injuries, pain, emotional distress, and other damages.

67.    Defendant CITY is liable for the tortious acts of its employees committed within the scope of their employment pursuant to Indiana law.

68.    Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, and loss of income.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants CITY OF SOUTH BEND and EMANUEL GARCIA, as follows:

1.  For compensatory damages against all Defendants;

2.  For punitive damages against EMANUEL GARCIA;

3.  For reasonable attorneys' fees, including litigation expenses, pursuant to 42 U.S.C. § 1988 and applicable state law;

4.  For costs of suit and interest incurred herein; and

5.  For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: April 10, 2026      **LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Dale K. Galipo*
        Dale K. Galipo
        Cooper Alison-Mayne
        *Attorneys for Plaintiff Antoine Minor*

COMPLAINT FOR DAMAGES

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby submits this demand that this action be tried in front of a jury.

Dated: April 10, 2026            **LAW OFFICES OF DALE K. GALIPO**

By:    */s/    Dale K. Galipo*
          Dale K. Galipo
          Cooper Alison-Mayne
          *Attorneys for Plaintiff* Antoine Minor

13
COMPLAINT FOR DAMAGES