UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTOINE MINOR,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH BEND CITY OF, et al.,<br><br>Defendants. | Case No. 3:26-CV-12-CCB-SJF |

**OPINION AND ORDER**

Plaintiff Antoine Minor Sued the City of South Bend and Officer Emanuel Garcia under Section 1983. The City of South Bend has now moved for a partial judgment on the pleadings.

## BACKGROUND

On September 1, 2024, South Bend police officers responded to reports of a loud party with about fifty people gathered in the street at the intersection of Washington and Wellington Streets in South Bend, Indiana. (ECF 18 ¶ 3). Plaintiff Antoine Minor was present nearby in his vehicle. (ECF 18 ¶ 8). Then, gunfire broke out at multiple sources near the intersection. Mr. Minor attempted to drive away from the area. (ECF 18 ¶ 8). Defendant Officer Emanuel Garcia, observing Mr. Minor's vehicle driving away, fired seven rounds at it. (ECF 18 ¶ 9). Mr. Minor was struck multiple times, causing severe injuries. (ECF 18 ¶¶ 10–11). Mr. Minor has now sued Officer Garcia, alleging violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, as well as

common-law battery. Mr. Minor also alleges that the City of South Bend is liable on the basis of their training and actions regarding Officer Garcia.

The City of South Bend ("City") has moved for a partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), alleging that Mr. Minor has not properly alleged Section 1983 municipal liability under *Monell*.[1] (ECF 26).

## STANDARD

The standard for a judgment on the pleadings is identical to that for a motion to dismiss under Rule 12(b)(6). *See United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1981). The court may only consider matters presented in the pleadings, and must view the facts in the light most favorable to the nonmoving party. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). To survive a motion for a judgment on the pleadings, they must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ANALYSIS

Mr. Minor alleges that the City of South Bend is liable for Officer Garcia's acts under Section 1983 *Monell* municipal liability. *Monell* liability is distinct from vicarious liability, which is not available in the Section 1983 context. *See Taylor v. Carmouche*, 214 F.3d 788, 791 (7th Cir. 2000). Rather than *vicariously* attributing an employee's liability to

[1] Mr. Minor also claims that the City of South Bend is vicariously liable for Officer Garcia's alleged common law battery. The City of South Bend does not move for judgment on that claim. (ECF 27 at 1, note 2).

an employer, *Monell* liability establishes that a municipality's own actions rendered it *directly* liable for the harm. Thus, to establish *Monell* liability, Mr. Minor must show that an actual rights deprivation could be directly traced to a municipal policy or custom, such that the municipality could be held directly liable for that deprivation. *See Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997).

The Seventh Circuit has clarified that this standard implies three common bases for municipal liability under *Monell*: (1) through an "express policy" that causes a deprivation; (2) through "a widespread practice that is so permanent and so well-settled that it constitutes a custom or practice"; or (3) through an injury "caused by a person with final policymaking authority." *Spiegel*, 916 F.3d at 617. However, Mr. Minor's complaint primarily alleges a less common fourth basis for liability:[2] that the City failed to sufficiently train Officer Garcia.

It is true that in "limited circumstances," a *Monell* claim can be also based on a municipality's failure to adequately train officers. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Even so, the Seventh Circuit and the Supreme Court have repeatedly emphasized that "failure-to-train claims . . . are a 'tenuous' form of *Monell* liability" because they do not "seek to hold a municipality liable . . . for directly inflicting injury, as was the case in *Monell*, but rather for causing an employee's misconduct." *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019) (quoting *Ruiz-Cortez v. City of Chicago*, 931

---

[2] The Court briefly addresses the remaining allegations at the end of the order. *See supra* pages 8–9.

F.3d 592, 599 (7th Cir. 2019)). "[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*." (*Connick*, 563 U.S. at 61 (quoting *Oklahoma City v. Tuttle,* 471 U.S. 808, 822–823 (1985) (plurality opinion)).

Thus, municipal failure-to-train claims are "available only in 'limited circumstances,'" and "are subject to 'rigorous' fault and causation requirements." *Ruiz-Cortez* at 599 (first quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989), and then quoting *Bryan Cty.*, 520 U.S. at 405). A plaintiff must show that the municipality's failure to train amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick* 563 U.S. at 61 (quoting *Canton,* 489 U.S. at 388).

To show deliberate indifference, a plaintiff must show that the municipality was "on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick*, 563 U.S. at 61. This is because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

Here, Mr. Minor fails to allege any facts suggesting that the city was on notice as to any violations of constitutional rights caused by a training program. At most, his alleged facts show that there may have been an excessive or tortious use of force committed by one officer on one occasion. (ECF 18 ¶ 9). But "proof of a single incident of excessive force alone is insufficient to show inadequate training." *Abbas v. City of*

*Hobart, Indiana*, No. 24-2464, 2025 WL 2945682, at *2 (7th Cir. Oct. 17, 2025) (citing *Tuttle*, 471 U.S. at 823–24). *See also Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (holding that "the general allegation of a custom or policy" cannot be supported by "a few sporadic examples of an improper behavior" (quoting *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009)).

It is true that in *City of Canton*, the Supreme Court suggested that there may be some rare circumstances where a municipality is on "constructive notice" of unconstitutional behavior even without a pattern of misconduct if it neglected to enact a policy which is "so obvious" in its necessity that "failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights." 489 U.S. at 390. In this situation, the showing of a "pattern of similar violations might not be necessary to show deliberate indifference" if the plaintiff could show direct evidence that the municipality failed to train officers in "obvious" constitutionally required behaviors and techniques. *Connick*, 563 U.S. at 63. But Mr. Minor does not provide any non-boilerplate factual allegations that the City actually neglected to enact an obviously constitutionally necessary policy.

In circumstances such as this, where a plaintiff only alleges a single instance of misconduct, the Seventh Circuit has repeatedly emphasized that allegations of other collateral facts are critical when establishing the plausibility of an unconstitutional training scheme or policy based on a single instance of misconduct. For example, when the Seventh Circuit determined that an allegation of one high speed collision without prior instances was enough to survive dismissal on a *Monell* policy claim, the court

emphasized that "the complaint asserts that on at least three prior occasions, [the police officer] drove in the dark of night at extreme speeds (from 60 to 114 mph), well above the posted limits of 30 miles per hour, and even above the alleged 50 mile-per-hour policy limit" and that "The City knew that its officers routinely drove over 50 miles per hour, but it took no steps to prevent this behavior." *Flores*, 997 F.3d at 733. In *White v. City of Chicago*, the Seventh Circuit held that a single allegation of a warrant sought without probable cause could be sufficient to survive dismissal, but only when there were additional specific allegations of the police department's use of a "standard printed form that does not require specific factual support for an application for an arrest warrant." 829 F.3d 837, 844 (7th Cir. 2016). Similarly, even when emphasizing that a prison did not receive a "'one free suicide' pass" for a single instance of suicide and was liable under *Monell*, the Seventh Circuit found there were other collateral facts indicating negligent municipal policies. *See Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 929 (7th Cir. 2004) ("we note that [Defendant's] liability is based on much more than a single instance of flawed conduct, such as one poorly trained nurse. It was based on repeated failures to ensure [plaintiff's] safety—by [several employees]—as well as a culture that permitted and condoned violations of policies that were designed to protect inmates like [plaintiff].").

Thus, when a plaintiff alleges only a single instance of misconduct, there need to be additional alleged facts or circumstances making it *plausible* to infer that the misconduct implicates "a policy . . . rather than a random event." *White*, 829 F.3d at 844. By themselves, one-off factual allegations of misconduct cannot give rise to a *Monell*

claim. A different rule would "open[] municipalities to liability for noncodified customs in all but the rarest of occasions as long as a plaintiff can find a few sporadic examples of improper behavior." *Flores*, 997 F.3d at 733. *See also Warren v. Wellpath, LLC*, No. 1:20-CV-02201-SEB-TAB, 2020 WL 7384693, at *5 (S.D. Ind. Dec. 15, 2020) ("assertions, and even proof, of isolated incidents or acts of misconduct do not state a *Monell* claim"); *Hilliard v. City of Venice, Illinois*, No. 19-CV-00229-JPG, 2021 WL 3164256, at *5 (S.D. Ill. July 27, 2021) ("[plaintiff's] reference to a single instance of misconduct and a conclusory claim of widespread understaffing is not enough to state a *Monell* claim"); *Hudson v. Ne. Illinois Reg'l Commuter R.R. Corp.*, No. 17 C 5426, 2019 WL 4261581, at *4 (N.D. Ill. Sept. 9, 2019) (one isolated incident of (alleged) officer misconduct, without more, cannot establish *Monell* liability); *Malone v. McKinney*, No. 3:22-CV-274-JD-JPK, 2023 WL 3018314, at *3 (N.D. Ind. Apr. 19, 2023) ("Importantly, isolated instances of wrongdoing by a few employees cannot form the basis of a *Monell* claim"); *but see Hutton v. City of Chicago*, No. 20-CV-03997, 2021 WL 809731, at *4 (N.D. Ill. Mar. 3, 2021) (" Context matters, and context sometimes allows for a single instance of misconduct to support a *Monell* claim where it supports an inference that a systemic policy or custom exists.").

Here, Mr. Minor does not plead any contextual facts or circumstances which plausibly suggest that the officer's alleged misconduct was the result of a policy rather than a single instance of misconduct. This is insufficient to plausibly state a *Monell* claim. Mr. Minor tries to get around this by alleging the absence of constitutionally obviously necessary municipal policies on "information and belief" under Rule of Civil

Procedure 11(b)(3). (ECF 18 ¶¶ 38–39). But those allegations are still subject to plausibility evaluation under Rule 8(a)(2). *See Goldberg v. Rush Univ. Med. Ctr.*, 929 F. Supp. 2d 807, 817 (N.D. Ill. 2013); *Barton v. Galella*, No. 2:21-CV-00319-JRS-MG, 2022 WL 10077734, at *6 (S.D. Ind. Oct. 17, 2022). Pleading on information and belief under Rule 11(b)(3) does not automatically make those allegations plausible or protect them from being stricken on the grounds that they are mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Taken as a whole, Mr. Minor's allegations must still plausibly give rise to the inference that a municipal policy is at stake. As discussed above, they do not. Courts have repeatedly emphasized that pleading municipal policies on "information and belief" does not provide a free end-run around the requirements for establishing municipal liability from officer actions. *See Adkins v. Vellega*, No. 86 C 1041, 1987 WL 6632, at *2 (N.D. Ill. Feb. 10, 1987); *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 969 (N.D. Ill. 2020). As the Seventh Circuit explained, "[t]o allow otherwise would be tantamount to allowing suit to be filed on a respondeat superior basis" because plaintiffs "could file claims whenever a police officer abused them, add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the 'claims' made." *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

Mr. Minor also alleges that the City is liable because it "ratified" the officer's actions. (ECF 18 ¶¶ 53–61).[3] For a ratification theory to succeed, "a municipal official with final policymaking authority [must have] approved the subordinate's decision and the basis for it." *Baskin v. City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998); *Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011) ("But to succeed on a 'ratification' theory like this, a plaintiff must establish that the 'ratifying' authority shared the unconstitutional motivation of the initial decisionmaker."). Mr. Minor does not make any concrete allegations suggesting that the City affirmatively ratified the officer's actions after the fact. Instead, he repeats allegations from earlier in the complaint and makes the boilerplate allegation that "a final policymaker for [the City] reviewed the conduct of the involved officers and approved or ratified it." (ECF 18 at 9). *See Ashcroft*, 556 U.S. at 678 (noting that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim). Minor's allegations against the City of South Bend do not state a Section 1983 *Monell* claim, and partial judgment on the pleadings in favor of the City is appropriate.

[3] The City of South Bend is incorrect in its argument that ratification is "categorically unavailable" in the *Monell* context. (ECF 31 at 7). The City's comparison with supervisory liability is misplaced because, unlike supervisory liability, *Monell* liability centers on the employer municipality's actions rather than the employee's acts. *See Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 674–75 (7th Cir. 2009) ("*Monell* liability is not a form of respondeat superior"); *Monitor v. City of Chicago*, 653 F. Supp. 1294, 1297 (N.D. Ill. 1987) (noting that under *Monell*, "a municipality's liability will only rest upon its own actions, rather than on the theory of respondeat superior").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant City of South Bend's motion for a partial judgment on the pleadings. (ECF 26). Mr. Minor must file any amended complaint within 30 days of this order.

SO ORDERED on September 18, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT